William Andrew WASHINGTON, Appellant,

v.

Donald CLEMMER et al., Appellees.

No. 18602.

United States Court of Appeals District of Columbia Circuit.

Argued May 22, 1964.

Decided June 12, 1964.

Mr. Edward E. O'Neill, Washington, D. C., with whom Mr. Alan M. Perlman, Silver Spring, Md., was on the pleadings, for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the pleadings, for appellees. Mr. Lawrence S. Schaffner, Asst. U. S. Atty., also entered an appearance for appellees.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM:

This case, concerning the procedures required by law for a preliminary hearing, returns to us again. On May 9, 1964, we reversed the District Court's denial of *habeas corpus* and directed that the writ be made absolute on May 11 unless appellant had been afforded, before then, a preliminary hearing complying with the following:

"(1) That probable cause be established by competent evidence.

"(2) That there be present at the preliminary hearing a stenographic reporter furnished by the United States District Court or the United States Attorney or the committing magistrate.

"(3) That reasonable requests for subpoenas be granted in compliance with Rule 5(c) and Rule 17 of the Federal Rules of Criminal Procedure. (See Greenwell v. United States, 115 U.S.App.D.C. 44, 317 F. 2d 108 (1963).)"

On May 11 we issued a memorandum opinion to accompany our order, and extended the time for compliance to May 13 to allow the Government, if it so chose, to seek a stay from the Supreme Court. The Commissioner's examination was reopened on May 13; there was present a stenographic reporter assigned by the District Court without cost to the indigent accused, in compliance with our order. The accused requested the Commissioner to subpoena the complaining witness, averring that she would not positively identify him as the aider and abetter of the person who raped her and that, therefore, her testimony was material to his defense. The Commissioner refused, stating that the accused's averment was false. This finding was based on the testimony, given at the prior unrecorded[1] hearing by the arresting officer, that four weeks earlier, following the arrest, the complainant had told the officer that the accused was one of her assailants.

After this ruling, the accused's attorney refused to participate further in the hearing, since he contended that the

[1]. We have already held, in this case, that the Commissioner's notes are not an adequate substitute for a stenographic transcript. See Washington v. Clemmer, 119 U.S.App.D.C. ——, 339 F.2d 717 (1964).

terms of this court's decision were not being met. The Commissioner directed the Government to put the police officer on the stand. The officer related what the prosecutrix had stated regarding the crime and regarding Washington's identity as one of her assailants. He further testified that he heard the accused say that everything the prosecutrix said was true. On this evidence, the Commissioner found probable cause and held the accused for grand jury action.

The accused immediately moved this court to make the writ of *habeas corpus* absolute. We transferred the motion to the District Court for hearing on the reporter's transcript of the Commissioner's examination. The District Court found that the hearing had complied with our order, denied the motion, and discharged the writ of *habeas corpus*. This appeal followed.

■ The question presented here is thus whether the request to subpoena the prosecutrix was properly denied. Our previous order required that "reasonable requests for subpoenas be granted," pursuant to Rules 5(c) and 17, F.R.Cr.P., and referred to Greenwell v. United States, *supra*, 115 U.S.App.D.C. at 46, 317 F.2d at 110. We specifically pointed out that "[l]ikely to be called on this basis, in addition to alibi witnesses, are the complainant and other material witnesses named in the complaint who for some reason have not been called by the Government." The accused here averred that the prosecutrix, if called, would fail to make a positive identification, and thus that her proffered testimony would buttress his claim that no probable cause existed to detain him and weaken the Government's contrary contention. We thus do not reach the question whether it is always necessary for an indigent seeking subpoenas under Rule 17(b) to allege that the witness will testify in his behalf.

As we noted in our prior opinion herein, it would of course be proper to quash a paid subpoena or refuse a pauper's subpoena where it is unreasonable or oppressive, as where the complaining witness is not called "because of physical or psychological disability." But here the Government made no claim that the witness was unable, unwilling, or even reluctant to testify to the events of five weeks before. Under the circumstances, we conclude that it was error to deny the subpoena requested by the accused.

The preliminary hearing is an adversary judicial proceeding.[2] Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318 (1942). Rule 5(c), F.R.Cr.P., specifically provides that at the preliminary hearing "[t]he defendant may cross-examine witnesses against him and may introduce evidence in his own behalf." The accused and the police having offered conflicting sworn statements as to whether or not the victim could positively identify the accused, it was improper to refuse to allow the victim to be called to testify for herself. Certainly the Commissioner was not justified in closing his mind to the possibility of a significant discrepancy between the police officer's hearsay and the complaining witness' own sworn testimony. If the complaining witness were in fact unable, under oath and after cross-examination, to identify the accused, it may well be that the Commissioner would find probable cause for holding the accused had not been made out.

■ Where, as here, the accused is not able to make bond, a commitment by the Commissioner to await grand jury action is in effect a sentence of imprisonment. Consequently, a *pro forma* compliance with the requirements of Rule 5, in addition to defeating the purpose of the preliminary hearing, may re-

2. In England, from the very beginning of the modern adversary preliminary hearing, the accused, like the Crown, could call as witnesses anyone "who shall know anything relating to the Facts and Cir-

cumstances of the Case." 30 & 31 Vict., c. 35, § 3. The accused could also call anyone who knew "anything tending to prove the Innocence of such accused Person." *Ibid.*

sult in real injustice.[3] The presumption of innocence our law affords defendants has meaning at the preliminary hearing; the accused is entitled to his liberty unless the Government can establish probable cause for his detention through procedures which accord with our concept of fair process.

■ The Commissioner's examination herein did not satisfy the requirements of Rule 5 as spelled out in our previous opinion in this case. We do not consider whether Rule 17(b) does, or could, limit the pauper accused to witnesses who he can swear would testify in his favor; here that averment was made. Nor do we consider the admissibility of the Government's evidence under the rules of hearsay, the *Harling* doctrine, or other principles. See Harling v. United States, 111 U.S.App.D.C. 174, 295 F.2d 161 (1961). And we do not decide whether a Government case composed solely of hearsay can or cannot satisfy the requirement of "competent evidence" in a preliminary hearing. We decide only that under the circumstances shown here the decision and reasons of the Commissioner, on the request for the subpoena, were clearly erroneous.[4]

The District Court was thus in error in discharging the writ of *habeas corpus*. The cause is remanded with instructions to re-issue the writ, to be made absolute by 1:00 P.M. on Tuesday, June 16, 1964, unless prior thereto a preliminary hearing has been held in compliance with Rule 5 as interpreted by this court in this case, and at which hearing the prosecutrix herein has testified. The Clerk will issue our process forthwith. The court retains jurisdiction to entertain motions to assure prompt and full compliance with our instructions.

Reversed and remanded with instructions.

---

3. Of course " * * * the fact that an accused is at liberty on bond does not in itself constitute a reason for denying him a prompt preliminary hearing * * *." Drew v. Beard, 110 U.S.App. D.C. 198, 199, 290 F.2d 741, 742 (1961).

4. Other cases must depend on their own facts and on the applicable law, which in the future will include the panel's decisions in this case. And these decisions, not any commentary filed in connection with the denial of an application for rehearing *en banc*, mark the extent of our holding herein.