**DISTRICT UNEMPLOYMENT COMPEN-
SATION BOARD, Appellant,**

v.

**WM. HAHN & CO., Inc., Appellee.**

**No. 21682.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 14, 1968.

Decided July 23, 1968.

Mr. F. Guthrie Gordon, Jr., Vienna. Va., with whom Messrs. James M. Portray, Jr., and George A. Ross, Washington, D. C., were on the brief, for appellant.

Mr. Bardyl Rifat Tirana, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN, Circuit Judge.

BAZELON, Chief Judge:

At issue here is the timeliness of appellee-employer's challenge to a determination that Dennis E. Cockrell was entitled to unemployment compensation of $36/week for 19 weeks. Appellant, the District Unemployment Compensation Board, sent a notice to the employer, Wm. Hahn & Co., on March 6, 1967, stating that Cockrell had filed a claim for compensation, that his potential benefits were $692, and that appellee's potential liability for this claim was $673. The notice implied that claimant's eligibility to receive these benefits would be decided later.[1] Upon receiving this claim notice appellee-employer offered claimant the same job he had previously held with appellee. Thereafter, on March 14, 1967, the Board mailed appellee a second notice stating that on March 8, 1967, the Board paid claimant his first weekly benefit of $36. On March 23, 1967—17 days after the mailing of the first notice and 9 days after the second notice was sent—appellee, wishing to show that the claimant had refused a valid job offer, filed an appeal with the Board alleging claimant's ineligibility for benefits. An appeals examiner for the Board dismissed this appeal "inasmuch as it was not filed within the mandatory ten (10) day period prescribed by Section 11(b) of the District of Columbia Unemployment Compensation Act." Appellee requested the Board to allow the appeal, but the Board affirmed the dismissal for the reason cited by the appeals examiner. The employer then complained to the District Court which held that the appeal to the Board was timely and that the Board should hear the merits. We affirm the decision of the District Court.

The pertinent part of the Unemployment Compensation Act, D.C.Code, § 46–311(b), reads as follows:

(b) Promptly after an individual has filed a claim for benefits, an agent of the Board * * * shall make an initial determination * * * with respect to *whether or not such benefit may be payable, and if payable,* the week * * * payments will commence, the maximum duration thereof, and the weekly benefit amount * * *. The *claimant and other parties to the proceedings* shall be promptly notified of the initial determination or any amended determination and the reasons therefor. * * * The claimant or any party to the determination may file an *appeal* from such initial determination or from a reconsideration of such determination *within ten days* after notification

---

1. On the front of the notice was this statement: "The first week for which benefits become payable, *provided claimant meets all requirements.* is * * *." And on the back of the notice was the following:

ELIGIBILITY: Claimants must be registered with the Employment Service, physically able to do work, available for work, and unemployed.

Note: If you are the claimant's most recent employer before he filed this claim, you will be notified as to *whether he has been initially disqualified or determined ineligible.* You may also appeal from that notice.

thereof, or after the date such notification was mailed to his last known address. (Emphasis added.)

█ The statute makes clear that the ten-day notice period does not begin to run until the interested parties have been notified that the claimant is eligible for payments. Appellee rèceived such notification, *inter alia*, on March 14, in the letter stating that the Board had paid Cockrell his first weekly payment. It filed an appeal nine days after receiving this letter. Thus, its appeal was timely.

The Board's mistake would not have occurred if the Board had followed the procedures outlined in the statute. The statute requires that an agent of the Board formally make an initial determination of eligibility[2] and that all parties to the proceedings be notified of this determination. But the Board departed from these statutory procedures in two respects.

█ First, the Board did not make an initial determination of eligibility. Rather it presumed the claimant to be eligible.[3] We recognize, of course, that the Board is not bound by strict rules of evidence and that it may be necessary to make certain presumptions which underlie a finding of eligibility in order to have prompt determination of claims. But eligibility itself may not be presumed.

█ Second, the Board obviously failed to notify all parties to the pro-

ceeding of the eligibility finding, as none had been made. The only notification of eligibility received by the appellee was that implied by the notice that a benefit payment had been made.[4]

We are also troubled by the fact that the Board may be paying benefits without permitting sufficient time for challenge or appeals. In this case the first payment was made only two days after the employer was told that Cockrell had filed a claim. If this were a regular practice, interested parties would be denied an opportunity to alert the Board to factors which may render the claimant ineligible and would be denied an opportunity for administrative review prior to payment of benefits. Such a practice would contravene Section 11(b) of the Unemployment Compensation Act:

> If upon such initial determination benefits are allowed but the record of the case indicates *that a disqualification has been alleged or may exist,* benefits shall not be paid prior to the expiration of the period for appeal as hereinafter provided. If an appeal is duly filed with respect to a *matter other than the weekly benefit amount or maximum duration of benefits payable,* benefits with respect to the period prior to the final decision of the Board shall be paid only after such decision: *Provided,* That if an appeal tribunal affirms an initial determination allowing benefits, such benefits

---

2. The portion of § 46–311(b) specifying an initial determination of eligibility is in accord with a related section of the statute setting out the eligibility standards. Cf. Woodward & Lothrop v. District of Columbia Unemp. Comp. Bd., 129 U.S.App.D.C. ——, 392 F.2d 479 (1968). The paragraph prefacing the eligibility standards states that:

    An unemployed individual shall be eligible to receive benefits with respect to any week *only if it has been found by the Board * * *.* (Emphasis added.) D. C.Code, § 46–309.

3. It does not appear that eligibility is presumed in all cases. See the language quoted from the initial notice in note 1, *supra,* which implies that a determination of eligibility wll be made.

4. It appears from the notice language quoted in note 1, supra, that the claimant's most recent employer may have received an additional notice relating to eligibility. But, even if this notice were given and regardless of its content, the notification deficiency remains, as the statute calls for notice to *all parties to the proceedings.* In the very least this requires notice to all "base period employers"—those employers who must make contributions to the unemployment fund proportionate to a claimant's withdrawals. D.C.Code, § 46–303(c) (2). In many cases the base period employers may not be a claimant's most recent employer.

**990**

shall be paid regardless of any appeal which may thereafter be taken. D.C. Code, § 46–311(b). (Emphasis added.)

■ The statute clearly implies that there must be some opportunity to challenge a claimant's eligibility before payments are made, and provides that when a challenge is made, benefits may not be paid until the time for appeal has run or until an appeals tribunal or the Board has affirmed a claims agent decision allowing benefits.

■ A very basic policy underlying the Unemployment Compensation Act is the preference for compensation through employment rather than welfare compensation. This preference is made obvious by the standards for eligibility and disqualification; if suitable work is available to a claimant, he must take his compensation from that work or forego both the work and unemployment compensation.[5] The basic policy is also advanced by the method of cost allocation and extensive notification which together encourage former employers to rehire claimants. Employers are required to contribute to the Unemployment Fund an amount proportionate to that being drawn by their former employees. And employers are constantly reminded of the cost of this welfare by the notices sent everytime a payment is made to a claimant.

The appellee has responded to these incentives and has developed the practice of offering work to former employees who have filed claims for which the appellee is liable. The Board has discouraged this commendable practice by denying the appellee an adequate opportunity to demonstrate that some claimants have ignored valid job offers. If the Board's practices have affected other employers similarly, an important purpose of the Act is being frustrated.

We are aware, of course, that unemployed workers are generally in need of prompt benefit payments. But we believe that the Board can make prompt decisions since the statute seems to allow the claims deputy to determine eligibility at the same time he determines the amount and duration of benefits and potential liability of a particular employer. Notice of the eligibility finding could then be given with the notice of the monetary determinations, after which one would have ten days to initiate an administrative appeal concerning any aspect of the findings. Under this or some similar procedure, multiple notices and split appeals could be eliminated, disposition of claims could be expedited, and interested parties would have an adequate opportunity to present their objections to claims.

Affirmed.

---

5. See D.C.Code, §§ 46–309 to 46–310 (1967). For instance, to be eligible for benefits one must be available for work and make regular inquiries for work. § 46–309(d). Also, one is disqualified for a period if he voluntarily quit work without good cause or refuses suitable work. § 46–310(a) and (c).