**ATCHISON & KELLER, INC., Appellant,**

v.

**DISTRICT UNEMPLOYMENT COMPEN-SATION BOARD, Melvin C. Keller.**

**No. 23356.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 18, 1970.

Decided July 8, 1970.

Mr. Mark P. Friedlander, Jr., Washington, D.C., for appellant. Messrs. Mark P. Friedlander, Blaine P. Friedlander, Harry P. Friedlander and Marshall H. Brooks, Washington, D.C., also entered appearances for appellant.

Mr. George A. Ross, Washington, D. C., with whom Messrs. F. G. Gordon, Jr., and Russell L. Carter, Washington, D. C., were on the brief, for appellee, District Unemployment Compensation Board.

Mr. Thomas Canafax, Washington, D. C., of the bar of the Supreme Court of Oklahoma, pro hac vice, by special leave of court, for appellee, Melvin C. Keller.

Mr. Allen G. Siegel, Washington, D. C., was on the brief for appellee, Melvin C. Keller. Messrs. Joel I. Keiler and Andrew H. Levy, Washington, D.C., also entered appearances for appellee, Melvin C. Keller.

Before TAMM, LEVENTHAL and ROBINSON, Circuit Judges.

LEVENTHAL, Circuit Judge:

The issue before us is whether appellant-employer is barred, for lack of timely application, from obtaining an administrative review of the initial determination of the District Unemployment Compensation Board that one of appellant's former employees is entitled to receive benefits.

The Board determined, after a hearing before its Appeals Examiner that the employer's application for review was untimely. The employer's action for review in the District Court under D.C.Code § 46–312 was dismissed on motion of the Board and this appeal followed. We reverse. The notices on which the Board relies as notification of its initial determination of eligibility are inadequate as a matter of law; consequently they were ineffective to start the running of the ten day period within which an application for review must be filed.

Appellant-employer is a corporation in the plumbing business. Appellee Keller was a vice-president and a minority stockholder. On September 6, 1968, Keller sold his interest in the corpora-

tion to the other principals pursuant to a buy-sell agreement executed some weeks earlier and resigned his position as vice-president. On September 18, 1968 Keller submitted his application for unemployment benefits. It appears that he indicated that he had been bought out by his partners. Appellant-employer was furnished a Separation Information Form which as filled out by its secretary-treasurer on September 20, 1968 and returned to the Board, stated that Keller "could not get along with other partners, Given a chance to buy us out. He couldn't, therefore, we bought him out."

The Appeals Examiner found, and we will assume,[1] that on October 1, 1968 an agent of the Board mailed to appellant a "Notice to Base Period Employer," and on October 2, 1968, the claim examiner sent appellant a "Notice to Last Employer." On October 2 the claims examiner made the following entry in Keller's file:

Findings of Fact: Claimant was involuntarily separated from his last job. He couldn't buy out and was bought out.

Decision: No misconduct alleged. No disqualification imposed. Held eligible as of [illegible].

On November 7, 1968, appellant received a notice, as base period employer, of a payment made to Keller. On November 20, 1968, appellant wrote to the Board challenging Keller's claim on the ground, inter alia, that Keller was not unemployed within the meaning of the Act.

On December 18, 1968, a hearing was held on the employer's appeal. The Examiner concluded that the employer's November 20 notice of appeal was untimely. He therefore found it unnecessary to consider the merit of the employer's contentions that Keller was ineligible for unemployment compensation benefits.

1. *Requirements for Giving Notice of Initial Determination of Eligibility and Timely Appeal Therefrom*

The procedures for the determination of claims are specified in D.C.Code § 46–311. The Act requires that after a claim has been filed, an initial determination of eligibility shall be made together with an initial determination of the amount, duration and commencement date of benefit payments. The Act specifies that "The claimant and other parties to the proceedings shall be notified promptly of the initial determination or any amended determination and the reasons therefore." With respect to review of initial determinations, the Act creates appeals tribunals and provides that, "The claimant or any party to the determination may file an appeal from such initial determination or from a reconsideration of such determination within ten days after notification thereof, or after the date such notification was mailed to his last known address."

2. *Issue of Delay Following Sending of Notice to Base Period Employer*

The Board argues that the November 20 appeal came more than 10 days after the October 1 Notice to Base Period Employer.

This notice informed appellant that Keller had filed a claim, and it specified the "monetary determination of this claim" payable "provided claimant meets all requirements."

In District Unemployment Compensation Board v. William Hahn & Co., 130 U.S.App.D.C. 254, 399 F.2d 987 (1968), we resolved a number of the points on which the instant appeal turns. We noted that "The statute makes clear that the ten-day notice period does not begin to run until the interested parties have been notified that the claimant is eligible for payments." It was the Board's contention in *Hahn* that its Notice to

1. Our decision does not rely in any way on the testimony of appellant's employees that such notices were not received at appellant's office.

Base Period Employer then in use was an adequate notice of eligibility. We rejected this contention and held that a notice of appeal was timely though filed more than ten days after the Notice to Base Period Employer had been mailed.

The Notice to Base Period Employer on which the Board seeks to rely in the instant case is a form notice identical to the one rejected in *Hahn* with the blanks filled in with the information pertinent to Keller's application. Because the language of the notice is unaltered, it remains defective in that it is merely a notice of monetary determination and not a notice of initial determination of eligibility. Indeed, as in *Hahn*, the Base Period Employer's Notice was mailed before the initial determination of eligibility had been made.

In *Hahn* we made it abundantly clear that it is the base period employer who is particularly entitled to notice of the initial determination since it is he who must make contributions to the unemployment fund proportionate to the withdrawals of his former employees. D.C.Code § 46–303(c) (2).

█ We see no basis for concluding that the Notice to Base Period Employer held inadequate in *Hahn* should be sustained here as triggering the 10-day appeal period. Our decision in *Hahn* was

issued more than two months prior to the Board's mailing of the Notices on which it relies in the instant appeal. We understand that after the instant notice was mailed, the Board abandoned the objectionable form and substituted a "Notice of Initial Determination to Base Period Employer" which affirmatively states that "Benefits are payable in the amount shown above. * * *" [2] But this can not serve to justify either the mailing of the form before the initial determination of eligibility had been made or the failure to mark the old form with some appropriate overprint pending the preparation and printing of the revised notice forms.

*Notice to Last Employer*

█ This case differs from *Hahn* in that appellant is both the base period employer and the last employer. We must therefore consider whether the Notice to Last Employer provided such actual notice of the Board's determination of eligibility as to cure the defect of the Notice to Base Period Employer and to start the ten day period running. [3]

Although the Board's brief characterizes the Notice to Last Employer as a notice that "Keller was separated from his employment with appellant for non-disqualifying reasons," that notice, reproduced in the footnote, [4] would not con-

2. This new form bears a revision date of 10/68. There may still be room to improve the form by having it read "Notice to Base Period Employer of Initial Determination of *Eligibility.*"

3. There is authority for the proposition that actual notice will not serve to validate the application of a procedure which does not by its terms require adequate notice. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928). In view of our conclusion that appellant had no adequate actual notice, we do not reach this issue.

4. The text of this notice is:
 The worker identified above has filed a claim for benefits payable under the District Unemployment Compensation Act and has informed us that you were his last employer. The monetary determination of this claim is shown * * * above.

 The first week for which benefits become payable is the calendar week beginning with the first Sunday immediately following the claim as shown in item (3) unless the claimant is disqualified as shown below. Benefits are not charged against the last employer's account unless he is the base period employer also, in which case a separate notice is sent. The Base Period is the four calendar quarters (twelve month period) which end on the last day of the month shown in item (4).

 Weeks Disqualified none
 Benefits Cancelled $ none

 You have a right to appeal this determination provided you notify this Board in writing within ten days from the mailing date of this notice.
 Date Mailed 10-2-68

vey that information to even the reasonably attentive reader. Although it informs the employer that he has a right to appeal "this determination," the only determination referred to in the body of the notice is the "monetary determination of this claim." Rather than clearly indicating that benefits are payable beginning on a date certain, the language of the form can be taken to indicate merely the date at which payments will begin provided that a determination of eligibility is made. The notice does not affirmatively state that an initial determination of eligibility has been made. It is possible to argue that the filling out of the blank following the words "weeks disqualified" with the word "none" signifies that a determination of eligibility has been made. This is far too subtle and ambiguous to constitute such actual notice as to cure the defect in the Notice to Base Period Employer.[5]

### Notice of Benefit Payment

 In this case, unlike *Hahn*, the base period employer failed to file his appeal within 10 days after receipt of the Notice to Principal Base Period Employer of Benefit Payment. We do not think that Notice was adequate to trigger the 10-day period of appeal. Here again it is possible to make a lawyer's argument—that a notice of payment implies that a determination of eligibility has been made. But to establish limitation periods the Board must send out notices that constitute fair warning to alert the employers whose witnesses are affected. This notice of payment, far from giving advice that it begins a period to take an appeal bears the inscription "Employers Cannot Appeal the Payment Shown on this Notice." The ten day period is a short one. As we noted in *Hahn*, its purpose is not to discourage employer appeals but to prevent unreasonable delay in the payment of benefits.[6] To hold that a notice is effective to start the running of the 10-day period though it purports to deny the existence of a right to appeal is to run contrary to the congressional goal of a meaningful (though prompt) opportunity to appeal the Board's initial determination of eligibility.

The record shows that although the employer did not act soon enough to meet a 10-day deadline, if that were held applicable, it did move within a reasonable period to take up with its attorney whether any protest could be made against the payment. The attorney promptly filed an appeal. We do not think the appeal was properly dismissed as untimely. The case is remanded to the District Court to enter judgment remanding to the Board with directions to hear and determine the appeal on its merits.

So ordered.

---

5. On the reverse side of the Notice to Base Period Employer is the statement: "If you are the claimant's most recent employer, you will be notified as to whether he has been initially disqualified or determined eligible." The inadequacy of the Notice to Last Employer is heightened by its failure to track this language.

6. Section 11(b) of the Act provides:
 If upon such initial determination benefits are allowed but the record of the case indicates that a disqualification has been alleged or may exist, benefits shall not be paid prior to the expiration of the period for appeal as hereinafter provided. If an appeal is duly filed with respect to a matter other than the weekly benefit amount or maximum duration of benefits payable, benefits with respect to the period prior to the final decision of the Board shall be paid only after such decision: *Provided,* That if an appeal tribunal affirms an initial determination allowing benefits, such benefits shall be paid regardless of any appeal which may thereafter be taken. D.C.Code, § 46–311(b). (Emphasis added.)