AMERICAN SECURITY AND TRUST COMPANY, N.A., Petitioner,

v.

DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.

No. 11328.

District of Columbia Court of Appeals.

Argued March 16, 1977.

Decided July 13, 1977.

Rehearing and Rehearing En Banc Denied Sept. 30, 1977.

James Skelly Wright, Jr., New York City, of the bar of the State of New York, pro hac vice, by special leave of the court, for petitioner. Fred F. Fielding, Washington, D. C., was on the brief for petitioner.

Robert J. Hallock, Washington, D. C., for respondent.

Before NEWMAN, Chief Judge, NEBEKER, Associate Judge, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

In a final decision dated September 1, 1976, the Appeals Board of the District of Columbia Unemployment Compensation Commission adopted the decision of an appeals examiner granting a claim made by Mr. Cyril Bindah for unemployment compensation. This court has been petitioned to overturn so much of the Board's decision as charges petitioner's account, as a base period employer, with 23.56% of the unemployment benefits paid to Mr. Bindah.[1]

---

1. D.C.Code 1973, § 46–303(c)(2) provides in part:

Benefits paid to an individual on an initial claim for benefits filed after June 30, 1940, shall be charged against the accounts of his base period employers. The amount of benefits so chargeable against each base period employer's account shall bear the same ratio to the total benefits paid to an individual as the base period wages paid to the individual by such employer bear to the total amount of the base period wages paid to the individual by all of his base period employers. The principal base period employer shall be notified of each payment of benefits to a claimant at the time of such payment.

The facts in this case are simple and undisputed. Until March 29, 1976, Mr. Bindah worked full time for TRT Telecommunications and part time for petitioner. On that date, Mr. Bindah lost his full-time job, but continued to work part time for petitioner. On April 13, 1976, he applied to the District Unemployment Compensation Commission for unemployment benefits.

The Board found that Mr. Bindah was eligible for unemployment compensation despite the fact that he continued to be employed part time by petitioner. That finding is not contested on this appeal. The Board, however, determined that petitioner had paid 23.56% of Mr. Bindah's base period wages and then proceeded to charge petitioner's unemployment compensation account for that percentage of Mr. Bindah's unemployment benefits.

It is petitioner's contention that the Board's holding misapplied D.C.Code 1973, § 46–303(c)(2) and that unemployment compensation may be charged only against the accounts of former employers and not, as here, against the accounts of continuing employers. We agree with this contention and therefore reverse.

■ As we have often noted, the District of Columbia Administrative Procedure Act, D.C.Code 1973, §§ 1–1501 *et seq.*, controls our review of all District of Columbia Unemployment Compensation cases. *Wallace v. District Unemployment Compensation Board,* D.C.App., 289 A.2d 885 (1972); *Woodridge Nursery School v. Jessup,* D.C. App., 269 A.2d 199 (1970). The scope of our review under that statute is limited, of course, to a determination of whether the findings and conclusions of the Board are supported by substantial evidence, and the correctness of its ruling on any question of law. *Green v. District Unemployment Compensation Board,* D.C.App., 346 A.2d 252, 255 (1975). Since there are no factual issues in the instant case, the sole issue is whether the Board's interpretation of the statute involved was erroneous as a matter of law. If, in support of its order, the Board ignored or misapplied the law, this

court must overturn the Board's holding. *Id.,* 346 A.2d at 256.

We have noted that the overlying purpose of our unemployment compensation statute "is to minimize the hardship encountered by workers whose condition of unemployment is due to causes utterly beyond their ability to remedy." *Doherty v. District Unemployment Compensation Board,* D.C.App., 283 A.2d 206, 209 (1971), *cert. denied,* 406 U.S. 932, 92 S.Ct. 1764, 32 L.Ed.2d 135 (1972).

> Underlying this long-range objective . . . is the notion that it should be the responsibility of employers to compensate their employees when they become unemployed through no fault of their own. . . . [*Von Stauffenberg v. District Unemployment Compensation Board,* 148 U.S.App.D.C. 104, 107, 459 F.2d 1128, 1131 (1972).]

To accomplish these goals, Congress enacted the District of Columbia Unemployment Compensation statute, D.C.Code 1973, §§ 46–301 *et seq.,* which charges unemployment benefits against the accounts of all base period employers in the percentage which they contributed to the employee's base period earnings. The provisions of the statute relating to the management of employer accounts are necessarily complex, but they were recently summarized by this court as follows:

> Employers are required to contribute to the unemployment fund and any benefits paid out are charged against each base period employer's account in proportion to the amount of wages paid to the claimant during the base period. D.C.Code 1973, § 46–303(c)(2).

> Employers contribute to the fund an amount proportionate to that being drawn by their *former employees.* D.C. Code 1973, § 46–303(c)(5). [*Malcolm Price, Inc. v. District Unemployment Compensation Board,* D.C.App., 350 A.2d 730, 731 n.2 (1976); emphasis supplied.]

■ When the Board ordered that petitioner's unemployment fund account be

charged for 23.56% of Mr. Bindah's unemployment benefits simply because it was a base period employer and without taking into account that petitioner was a *continuing* rather than a *former* employer, it undermined the legislative intent implicit in D.C.Code 1973, § 46–303(c)(2). While the statute, in its complexity, does not specifically state that only the accounts of *former* employers are to be charged for benefits, it has been recognized that such an outcome was the clear intention of Congress when the statute was enacted:

> A very basic policy underlying the Unemployment Compensation Act is the preference for compensation through employment rather than welfare compensation. This preference is made obvious by the standards for eligibility and disqualification; if suitable work is available to a claimant, he must take his compensation from that work or forego both the work and unemployment compensation. The basic policy is also advanced by the method of cost allocation and extensive notification which together encourage *former employers* to rehire claimants. Employers are required to contribute to the Unemployment Fund an amount proportionate to that being drawn by their former employees. And employers are constantly reminded of the cost of this welfare by the notices sent everytime a payment is made to a claimant. [*District Unemployment Compensation Board v. Wm. Hahn & Co.,* 130 U.S.App.D.C. 254, 257, 399 F.2d 987, 990 (1968) emphasis added; footnote omitted.]

*See also Malcolm Price, Inc. v. District Unemployment Compensation Board, supra.*

The ruling that the Board urges us to affirm in the instant case would undermine this policy in two important ways. First, by charging a present employer's account for unemployment benefits paid to a present part-time employee, the Board would require such employer to, in effect, subsidize (here, to the amount of 23.56%) such benefits even though the Congress clearly intended that the benefits be paid from the accounts of former employers. Thus, the effect of the Board's decision would be to lessen the initiative contemplated by the statute for former employers to rehire an acceptable former employee and avoid having their accounts charged for unemployment benefits.

Second, the Board's ruling would clearly discourage employers such as petitioner from hiring part-time workers who have full-time employment elsewhere. This is so because, as petitioner points out, the unemployment compensation tax every employer pays into its unemployment fund account varies from 0.1% to 2.7% of the employer's annual payroll. The actual percentage paid by any given employer is determined under D.C.Code 1973, § 46–303(c)(8), by a method that takes into account the number of former employees drawing from that employer's unemployment fund. Thus, in the instant case, petitioner could arguably end up paying a higher overall rate of unemployment compensation tax because of the charges levied against its account for Mr. Bindah's unemployment benefits while he remained at all times petitioner's part-time employee.[2]

It is well-settled that "the Unemployment Compensation Act [must] be interpreted in accordance with its purpose." *Cohen v. District Unemployment Compensation Board,* 83 App.D.C. 222, 223, 167 F.2d 883, 884 (1948). When, as here, the interpretation given to the act by the Board undermines rather than advances its underlying purposes, the Board's ruling cannot be permitted to stand. *Green v. District Unemployment Compensation Board, supra,* 346 A.2d at 256; *District Unemployment Compensation Board v. Wm. Hahn & Co.,*

---

2. We are unpersuaded by respondent's contention that any possibility of a future rate increase is negated by the fact that all District of Columbia employers are currently paying the 2.7% maximum rate under emergency measures invoked because of our current high unemployment rate. These measures are, by their nature, temporary; and when they are lifted, petitioner's account will be affected by the charges levied against it under the standard statutory formula.

*supra,* 130 U.S.App.D.C. at 257, 399 F.2d at 990.

Accordingly, the order of the Appeals Board charging a portion of Mr. Bindah's benefits against petitioner's unemployment fund account is reversed and the cause remanded for disposition consistent with this opinion.

*So ordered.*