**Gloria A. HOLLINGSWORTH, Petitioner,**

v.

**DISTRICT OF COLUMBIA UNEMPLOY-
MENT COMPENSATION
BOARD, Respondent.**

No. 9707.

District of Columbia Court of Appeals.

Decided Dec. 1, 1977.

John P. Sizemore, Washington, D. C., was on the petition for petitioner.

Robert J. Hallock, Washington, D. C., was on the petition for respondent.

Before NEWMAN, Chief Judge, KELLY, KERN, GALLAGHER, NEBEKER, YEAGLEY, HARRIS, MACK and FERREN, Associate Judges.

ORDER

PER CURIAM.

On consideration of the petitions for rehearing en banc filed by counsel for the petitioner and respondent, it is

ORDERED by the Court en banc that the petitions are denied.

Statement of Reasons by NEWMAN, Chief Judge, and KELLY, GALLAGHER, MACK and FERREN, Associate Judges, for voting to deny the petition of the District Unemployment Compensation Board for rehearing en banc: We note that portion of the opinion which causes concern to the Board to wit: The last three paragraphs of the opinion are essentially dicta and therefore have no future binding effect.

Separate Statement by NEBEKER, Associate Judge: The Board, which prevailed before the Division, has taken the extraordinary step of seeking en banc consideration as to the second portion of the Division's opinion which it says calls into issue the validity of a regulation and policy which makes employer accounts vulnerable when unemployment results from personal circumstances of an employee beyond employer control.

The second ground for decision, which is so troublesome to the Board, was not directly but inferentially raised in this case since it was intertwined with the issue of availability for work.[1] The discomfort the Board expresses as to that part of the opinion is centered around a regulation and practice not previously brought to our attention in this case. It is a regulation, we are now given to understand, under which the Board asserts discretion to find certain claimants eligible for benefits even though they have rejected an offer of reemployment by their last employer on the ground that some personal physical problem or some conflicting obligation prevents their resuming their former job. When such a finding is made, the benefits would be charged to the tax account of such employer although the resulting unemployment of the claimant is due not to a layoff or to any reason for which the employer is responsible.

Our opinion places these causes for unemployment in juxtaposition with the statutory tax incentive scheme with the unavoidable implication that the present soft approach by the Board is of questionable validity given its trust relationship with the taxpaying employers.[2] I would add that it is little wonder that with such prodigal spending policies, the D.C. Trust Fund has been depleted to the point of insolvency notwithstanding that in this jurisdiction—unlike the situation in the typical industrial state—there have been no major layoffs or plant closings.

While the Board may choose, for the nonce, to ignore the problem, it should find little comfort in a view expressed by non-sitting court members that the issue is at

1. It should be noted that the Board's own brief before the Division relied on an annotation in 25 A.L.R.2d 1077 (1952) which cites cases now sought to be distinguished although at the time seemingly deemed by the Board to support its claim that the restrictions placed by Hollingsworth on her schedule of hours barred her claim.

2. See, e. g., American Security & Trust Co. v. District Unemployment Compensation Bd., D.C.App., 376 A.2d 824, 826 n.2 (1977).

least illuminated in dicta. Such a view hardly reveals agreement with the Board on the merits of its position.

Other cases must depend on their own facts and on the applicable law, which in the future will include the panel's decisions in this case. And these decisions, not any commentary filed in connection with the denial of an application for rehearing *en banc*, mark the extent of our holding herein. [*Washington v. Clemmer*, 119 U.S.App.D.C. 226, 229 n.4, 339 F.2d 725, 728 n.4 (1964).]

Before REILLY, Chief Judge, Retired, and GALLAGHER and NEBEKER, Associate Judges.

### ORDER

PER CURIAM.

On consideration of respondent's petition for rehearing, it is

ORDERED that respondent's petition is denied.

REILLY, Chief Judge, Retired, in voting to deny rehearing, concurs with the views expressed by Associate Judge Nebeker in the en banc order entered in this case this date.