**James A. DOHERTY, Petitioner,**

v.

**DISTRICT OF COLUMBIA UNEMPLOY-
MENT COMPENSATION BOARD,
Respondent.**

**No. 5852.**

District of Columbia Court of Appeals.

Argued Sept. 22, 1971.

Decided Nov. 9, 1971.

James A. Doherty, pro se.

George A. Ross, Washington, D. C., with whom Russell L. Carter, and Bill L. Smith, Washington, D. C., were on the brief, for respondent.

Before KERN, NEBEKER, and REILLY, Associate Judges.

REILLY, Associate Judge:

This case is before us on a petition for review of a decision of the District of Co-lumbia Unemployment Compensation Board (the Board) denying benefits to a claimant formerly employed by the Communications Satellite Corporation as a systems (*i. e.,* data processing) analyst. The challenged agency decision adopted the findings and conclusions of an appeals examiner, dated April 27, 1971, holding claimant ineligible for unemployment compensation for a period from October 9, 1970 to January 15, 1971.

Prior to this period, claimant's last em-ployment ended on July 31, 1970. The record regarding termination is unclear.

Upon his severance from the corporate payroll, claimant moved from the District to Charlottesville, Virginia, where his at-tempt to enroll in the law school of the University of Virginia was unsuccessful. He was admitted to four courses, however, in another branch as a special student and attended classes from Monday to Thurs-day in varying morning and afternoon hours until January 15th. Shortly there-after he obtained full-time employment in the data processing unit of the university.

Petitioner's original claim for benefits was filed on October 9, 1970 against the State of Virginia. This claim was disal-lowed because his last employment was in the District of Columbia. Claimant was not prejudiced by this disallowance, for he was subsequently allowed to file on De-cember 8, 1970 an interstate claim back-dated to October 9. This was referred to the District Board, and denied by a claims deputy in a determination dated December 24, 1970 on the ground that he was not eligible under the provisions of D.C.Code 1967, § 46–309, to receive benefits for the week beginning October 4th or for succeed-ing weeks.

On January 4, 1971, claimant appealed and was afforded a hearing by an appeals examiner. He testified that despite the fact that he was taking four courses, he would not have refused a suitable job had one been offered. He also said that in re-sponse to advertisements in The New York

Times for professional job openings, he had written letters to designated box numbers on October 4, 11; November 15; December 13, 27, 1970, and on January 3, 10, 1971. He received only one response from any of these prospective employers—and this was a letter of rejection.

On January 15, the day he finished his examinations, he did write to a "personnel" (employment) agency and followed up his letter with a personal visit to its office in Hyattsville, Maryland. Apparently this journey impressed the examiner, for the latter found in a memorandum, dated April 27, 1971, that on and after January 15, claimant was eligible for benefits. The examiner also found that during the prior period his efforts to obtain work, except for one visit to a Charlottesville company, were sporadic, consisting entirely of letters to out-of-town employers, and that under all the circumstances—including his attendance at class four times a week—he was not genuinely attached to the labor market. Accordingly, the examiner concluded that claimant "could not be considered to have been available for work through January 15". The Board affirmed his findings and conclusion.

The wording of this conclusion makes it apparent that the examiner was applying subsection (d) of § 46–309, the section of the District of Columbia Unemployment Compensation Act which sets forth the standards of eligibility for benefits. Insofar as relevant to this case, this subsection provides:

> (d) that he is available for work and has registered and inquired for work at the employment office designated by the Board, with such frequency and in such manner as the Board may by regulation prescribe: *Provided,* That failure to comply with this condition may be excused by the Board upon a showing of good cause for such failure * * *.

This subsection does not specifically provide that a Board finding that a claimant is "available for work" must be based on evidence of an active search for work or "attachment to the labor market." Nevertheless the leading case in this jurisdiction, *Woodward & Lothrop, Inc. v. District of Columbia Unemployment Compensation Board,* 129 U.S.App.D.C. 155, 392 F.2d 479 (1968), holds that an administrative finding of eligibility cannot stand unless a claimant satisfies these tests. Petitioner does not challenge the Board's reliance here on the interpretation placed upon the statute in the *Woodward & Lothrop* case, but contends that certain preliminary findings upon which the conclusion was based were in error or unfair.

In particular, claimant assails the findings that (1) he "left" his last work, (2) there is "no indication that he contacted" his last two employers, (3) his search was "primarily by mail and sporadic", and (4) the omission of a finding that claimant was not enrolled as a degree candidate. This last objection borders on the frivolous, for the examiner's report expressly found that "[h]e was not an enrolled student but took four courses as a special student."

In urging his exceptions and in arguing that the intermediate decisions ultimately adopted by the Board were handed down so belatedly that petitioner was prejudiced by not being able at any earlier date "to disengage from a disqualifying condition", claimant incorrectly assumes that the Board would have deemed him "available for work" had it not been for his status as a special student. The rejection of his claim, however, was not based on § 46–310 which enumerates certain grounds for disqualification, *e. g.,* voluntarily quitting a job, striking, or refusing a suitable job offer, but solely upon his failure to prove eligibility under § 46–309.

His voluntary departure from a metropolitan center—where job openings for computer technicians in banking and government institutions are recurrent—to attend classes in a small university town was merely one factor, but a relevant one, to be considered in determining whether claimant

was making a real and serious effort to regain employment. Petitioner argues that the Board confused the issue of "disqualification" with "eligibility"—both words of art in the local unemployment compensation act—but it appears that whatever confusion existed was in his mind rather than in the agency.[1]

This same misconception of the act also permeates petitioner's exception to the finding that he had "left" his last job. According to a form filled out by his most recent employer, at the request of the Board, he voluntarily quit his job to return to law school. At the hearing, however, claimant testified that he was laid off because of a budget cut, and a subsequent letter from a former supervisor tends to corroborate his version. Neither this employer nor the previous one appeared at the hearing, although both received notice of such proceeding.

The examiner declined to resolve this issue, pointing out that no disqualification had been entered against claimant because of the nature of his severance from employment. We sustain this ruling, for the maximum period of disqualification which can be imposed administratively under D.C. Code 1967, § 46–310, for quitting a job "voluntarily without good cause" is the nine-week period following the leaving. Petitioner's disputed claim is not predicated upon unemployment during this interval, as both the first and the backdated applications go back only to the week beginning October 4, 1970.

There is nothing in the record which casts doubt on the findings respecting the lack of any indication that claimant had sought work from his two prior employers or the limited and sporadic character of his quest for employment. Petitioner's objections rest on the mistaken notion that the agency rather than the claimant had the burden of proof on these issues even though any facts which might have been helpful to him on such points were peculiarly within his knowledge rather than the Board's. The *Woodward & Lothrop* decision, *supra,* specifically held that it was up to a claimant to adduce evidence of a diligent search for work in order to prove his eligibility.

In this case, while most of the evidence was brought out by questions propounded by the examiner to the claimant, he was invited to supplement his answers with anything he thought would support his appeal. Thus the transcript refutes petitioner's assertion that the hearing accorded him was unfair.

It must be remembered that the sole purpose of the federal and local unemployment compensation laws is to minimize the hardship encountered by workers whose condition of unemployment is due to causes utterly beyond their ability to remedy. After a review of the record as a whole, we cannot say that claimant falls into this category. We have reviewed all of petitioner's contentions, but in our opinion the findings of fact, which he challenges, are supported by substantial evidence and the ultimate conclusion of the Board is in accordance with law.[2]

Affirmed.

---

1. *Compare* D.C.Code 1967, § 46–310 *with* § 46–309.

2. The jurisdiction of this court to review directly the orders of the Board and the appropriate standards for determining the validity of such orders are based on the Administrative Procedure Act, D.C.Code,

1967, §§ 1–1501 to 1–1510 (Supp. IV, 1971) and not § 46–312 (Supp. IV, 1971). The citation to the latter section in respondent's brief was apparently inadvertent. *See* Riley v. District of Col. Unemp. Comp. Bd., D.C.App., 278 A.2d 691, 692 n. 2 (1971).