## Elizabeth Stryker v. Department of Employment Security

[356 A.2d 534]

No. 239-74
Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed April 6, 1976

*Eugene Rakow* and *Alan P. Biederman*, Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*Raymond S. Fitzpatrick*, Montpelier, for Defendant.

**Barney, C.J.**  Because this unemployment compensation claimant restricted herself to part-time employment, the Board refused her claim. The basis of that decision was a

determination that she was unavailable for work in terms of 21 V.S.A. § 1343 (a) (3). The issue is now here.

This is not a case where the claimant refused proffered employment of any kind. Further, the presence of a substantial amount of part-time employment in the area is not seriously disputed. The Board itself, in its findings, altered the emphasis of the referee's findings in that connection, but the evidence clearly sustains the presence of a meaningful part-time labor market. The claimant, a woman of sixty years, was found by the referee to have always worked on a part-time basis. This was also uncontroverted, but omitted from the Board's findings. Her good faith was further evidenced by her willingness to work a 32-hour work week, even though her previous employment history involved only 25 hours per week.

Thus, although the certified questions are initially framed in terms of evidentiary support for the findings of fact, the real issue is one of law. It can be briefly stated as: Does a limitation by a claimant to part-time employment make her unavailable for work as a matter of law?

If the answer to that question is affirmative, the result reached by the Board is clearly correct, and the denial of benefits must be affirmed. If the answer is negative, of course a contrary result may follow.

The law, case and statutory, of other states is widely varied. In New Jersey, availability for part-time work may qualify one for benefits by statute. N.J.S.A. § 43:21–20.1. See also *Tung-Sol Electric* v. *Board of Review*, 34 N.J. Super. 349, 112 A.2d 571 (1955). Maryland, lacking such a statutory provision, has held by decision that a restriction to part-time work renders a claimant ineligible for benefits. See *Robinson* v. *Employment Security Board*, 202 Md. 515, 97 A.2d 300 (1953). Pennsylvania, with a statute similar to Maryland's, has reached an opposite result. *Bliley Electric Co.* v. *Unemployment Compensation Board of Review*, 158 Pa. Super. 548, 45 A.2d 898, 905 (1946).

The discussions about "availability", as contemplated in the unemployment compensation law, are reflections of two competing concerns. One is that entitlement to unemployment compensation payment is restricted, as far as possible, to those for whom the benefits of the legislation are intended.

The other is that the restrictions not be so stringent as to adversely affect the skills, training and economic contribution of the individual worker. It is not the function of unemployment compensation to operate as disability benefits, provide pension benefits or perform the function of welfare payments. Neither is it intended to drive an electronics technician into a swamper's job.

To accomplish this, resort is had to that imperfect instrument, language, in the conceit that all factors of judgment and reason can be linguistically categorized. Courts are then left to the task of rendering the statutory mechanism operable by providing, in that wonderful Holmesian phrase, "the play in the joints", that lets the legal wheels turn.

Where matters are, and ought to be, enormously variable according to the factual situation with which they deal, courts are driven to "nice" distinctions, and multiple rules of construction. With the vast array of employment practices, economic situations and available work forces, it is inevitable that seemingly similar cases will produce varying results in different jurisdictions or in different circumstances. When the penchant for legislatures to tinker with statutes because of dissatisfaction with the outcome of particular cases is added, it is easy to see that helpful guidance, except as to the most generalized principles, is hardly to be had, from court to court or state to state. The result is that most cases turn as much upon their own facts and local concerns as upon any overriding postulate.

So here. In *Nurmi* v. *Employment Security Board*, 124 Vt. 42, 197 A.2d 483 (1963), which stands for the proposition that workers cannot expect benefits if they limit their employment to certain hours of the day, we find a caveat at page 48, "where the work they were qualified to perform is not likewise limited." *Willard* v. *Unemployment Compensation Commission*, 122 Vt. 398, 405, 173 A.2d 843 (1961), teaches that one who limits his availability must, to be eligible for benefits, establish the existence of a real and significant market for the employment services he offers in the geographical area.

In the case at hand, it seems that the claimant has done these things. She has a long work history of attachment to a part-time labor market. She has produced sufficient evidence

to establish the continued presence of such a market in her area of sufficient substance.

Her burden of demonstrating eligibility has been satisfactorily executed, and stands uncountered by any suggestion that she has failed to exert herself to seek work or that she has unjustifiably refused work in her labor market. There being nothing in the unemployment compensation law that justifies excluding this claimant from benefits as a matter of law, based on her attachment to a part-time labor market, the ruling of the Board cannot stand. *In re Dunn,* 131 Vt. 261, 305 A.2d 602 (1973).

*Reversed and remanded to the Employment Security Board for the compensation and award of benefits.*