**Juan E. DUNCAN, Petitioner,**

v.

**DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.**

**No. 11577.**

District of Columbia Court of Appeals.

Submitted Feb. 23, 1978.

Decided March 23, 1978.

---

Juan E. Duncan, pro se.

Russell L. Carter, Bill L. Smith, Robert J. Hallock, Washington, D. C., and Earl S. Vass, Jr., Richmond, Va., for respondent.

Before KERN, YEAGLEY and FERREN, Associate Judges.

## PER CURIAM:

Petitioner seeks review of an order of the District Unemployment Compensation Board (Board) denying her unemployment benefits on the ground that she was not "available" for work within the meaning of D.C.Code 1973, § 46–309(d).

Petitioner, an employee of the District of Columbia, resigned from her position at the Department of Human Resources due to financial and child care problems. Once unemployed, petitioner reasoned, she would be entitled to a $2,100 refund of her retirement fund contributions. By applying these funds to her debts, she anticipated a significant improvement in her financial status which, in conjunction with renewed employment, would eliminate her current child care problems caused by her inability to afford baby-sitters.

The claims deputy disqualified petitioner for a period of nine weeks finding that she voluntarily left work without good cause. D.C.Code 1973, § 46–310(a). On appeal, the appeals examiner, after hearing testimony, reversed the claims deputy and found that petitioner left her employment for good cause. However, the appeals examiner concluded that petitioner was ineligible for benefits because she had not been available for work since filing for unemployment benefits. D.C.Code 1973, § 46–309(d). The Board affirmed the decision of the appeals examiner and adopted that decision as its own.

D.C.Code 1973, § 46–309(d) states in pertinent part:

An unemployed individual shall be eligible to receive benefits . . . only if it has been found . . . (d) that he is available for work . . . [*p*]*rovided*, [t]hat failure to comply with this condition may be excused by the Board upon a showing of good cause for such failure. [Emphasis in original.]

In *Hill v. District Unemployment Compensation Board*, D.C.App., 302 A.2d 226 (1973), a case involving the Board finding an applicant failed to meet the availability requirements of D.C.Code 1973, § 46–309(d), this court noted:

Significantly enough, there is no showing in the record whatsoever that the Board, in disposing of petitioner's claim, considered whether under the circumstances there was good cause for petitioner's failure to comply . . . with the requirement of availability. [Id. at 228–29.]

The remedy for such a deficiency in the record is to require further proceedings at the administrative level. *Id.* at 229–30.

In the instant case, the hearing below primarily considered whether petitioner's voluntary termination of her employment was for good cause. As stated by the appeals examiner, "Miss Duncan was penalized 9 weeks of her unemployment . . . so the issue on appeal was whether she had good cause to leave her job." While petitioner's availability was at issue below, the record reveals no express or implicit consideration of whether there was "a showing of good cause" for her failure to be available. This failure of the appeals examiner to

comply completely with D.C.Code 1973, § 46–309(d); *viz.*, to expressly consider whether petitioner's unavailability was excusable due to good cause, requires this court to remand this case to the Board with directions to conduct further proceedings in order to determine whether petitioner's unavailability is excusable under the good cause proviso of D.C.Code 1973, § 46–309(d).

*So ordered.*