**Elouise HAWKINS, Petitioner,**

v.

**DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.**

No. 12756.

District of Columbia Court of Appeals.

Submitted April 3, 1978.

Decided July 21, 1978.

Elouise Hawkins pro se.

Bill L. Smith, Russell L. Carter, Robert J. Hallock and Earl S. Vass, Jr., Washington, D. C., were on the brief for respondent.

Before KERN, YEAGLEY and MACK, Associate Judges.

MACK, Associate Judge:

Petitioner in this case appeals from a determination that she was ineligible for unemployment compensation benefits. Her pro se brief is little more than a series of unsupported charges. We affirm, with the following cautionary remarks.

Petitioner was a recipient of unemployment compensation benefits for some six months. On August 17, 1977, she had a routine interview intended to determine continuing eligibility. At that time, a claims deputy verified the fact that petitioner had searched for work during the previous weeks, but learned that petitioner would be unwilling to work for more than 20 hours a week, as she felt she needed time to attend to a pending court case. The deputy nevertheless permitted petitioner to "sign up" for her August unemployment compensation checks. However, the following day he notified her by mail that she was ineligible for benefits as of July 31, 1977, because she was unavailable for full-time work.

Petitioner's primary cause of concern appears to be that the claims deputy led her to believe she would receive her August checks if she "signed up" for them. On the record before us, this does not rise to the dignity of a legal claim. Nevertheless, it is an unfortunate misunderstanding, and we would hope that in the future the deputies will make clear to claimants the nature and purpose—if any—of "signing" for checks.

There is another aspect of this case which causes us concern. The initial determination of ineligibility by the claims deputy reads:

You have indicated that you could not accept full time work immediately, if offered because of a pending court case. To be eligible for unemployment, you must establish your availability for full time work by being able to accept full time work if offered. As such you are considered unavailable for employment and hence ineligible for benefits until your availability is reestablished.

Moreover, the brief filed by respondent on appeal states that the issue presented for us

is whether petitioner is available for "full time work." It is thus suggested that an inability to accept full-time work per se renders a claimant ineligible for benefits. This proposition is incorrect.

■ Our statute does not say that a claimant has to be available for full-time work in order to be eligible for unemployment compensation. It merely says the claimant must be available for work. D.C. Code 1973, § 46–309(d). In order to be available for work, "a claimant must be 'genuinely attached to the labor market' and, all circumstances considered, must be 'making adequate contacts for work.'" *Woodward & Lothrop Inc. v. District of Columbia Unemployment Compensation Board,* 129 U.S.App.D.C. 155, 157, 392 F.2d 479, 481 (1968). A claimant will not be deemed available if he *unreasonably* restricts his job search. *National Geographic Society v. District Unemployment Compensation Board,* 141 U.S.App.D.C. 313, 321, 438 F.2d 154, 162 (1970). On the other hand,

> it is only where restrictions or limitations imposed by claimant are undue or so conditional as to rebut the existence of his availability on the labor market that compensation will be denied, and an employee may in some circumstances impose certain conditions or limitations as to employment and yet be considered available for work. [81 C.J.S. *Social Security* § 260 at 534 (1977) (footnotes omitted).]

■ Factually, a refusal to seek full-time employment may effectively negate a claimant's availability for work. This could be true either on subjective grounds *i. e.* because it was a circumstance tending to show that the claimant did not truly wish to find work; or on objective grounds *i. e.* because it effectively precluded the claimant from finding work. However, it is also true that a refusal to seek full-time work could, in some circumstances, be fully consistent with genuine attachment to the labor market. *See, e. g., Harper v. Unemployment Insurance Appeal Board,* 293 A.2d 813 (Del.Sup.1972). In that case, the claimant had been employed for twenty-four years by one employer, but for medical rea-

sons the claimant never worked more than two days a week. When she was ultimately laid off from her job, she told the unemployment insurance board that she could not seek full-time employment due to her medical condition. As a result the board denied her benefits. The Superior Court reversed, noting that:

> There is no language in the statute which requires an individual to be available for full-time . . . as distinguished from . . . part-time, employment. If the General Assembly had intended to make eligible for benefits only unemployed persons "available for work *full-time,*" it would have so stated in the Act. [*Id.* at 816.]

For similar holdings from other jurisdictions, *see Myers v. Commonwealth Unemployment Compensation Board of Review,* 17 Pa.Cmwlth. 281, 330 A.2d 886 (1975); *Stryker v. Department of Employment Security,* 356 A.2d 534 (Vt.1976).

■ Furthermore, even if on the facts a given claimant's refusal to seek full-time work negated his availability for work, this would not automatically render him ineligible for unemployment compensation. For a claimant, although unavailable for work, is nevertheless entitled to benefits if his unavailability is due to "good cause." D.C. Code 1973, § 46–309(d); *Duncan v. District Unemployment Compensation Board,* D.C. App., 384 A.2d 645, 646–47 (1978).

■ Although it appears, then, that the claims deputy and counsel for respondent misconceived the law, we are satisfied that the appeals examiner here applied the proper legal standard, and in effect found that the restrictions petitioner placed on her job search were undue. We note in this connection, that during the hearing, the examiner asked petitioner several questions as to why she could not accept full-time work. And, in the written determination, the examiner stated that in order to be eligible for benefits "a claimant must be available for full-time work *without undue restriction*" (emphasis supplied). Moreover, bearing in mind that the petitioner has the burden of proof as to eligibility, *Cumming*

*v. District Unemployment Compensation Board,* D.C.App., 382 A.2d 1010, 1015 (1978), we think that a finding that the restrictions here were undue is supported by the record. The decision of the Board is, accordingly,

*Affirmed.*

YEAGLEY, Associate Judge:

I concur in the result. However, the issue discussed in the opinion is one of first impression in this jurisdiction, and is not before us for resolution. I am not prepared to attempt to resolve it in this posture.