**Linda BARBER, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

**No. 81–913.**

District of Columbia Court of Appeals.

Submitted July 7, 1982.

Decided Aug. 5, 1982.

appellant brought suit, there was an outstanding balance of $1,000.

Linda Barber filed a brief pro se.

Michael A. Milwee, Washington, D. C., was on the brief for respondent.

Before KELLY and FERREN, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Petitioner appeals from a final decision of the Acting Director of the District of Columbia Department of Employment Services that affirmed an Appeals Examiner's finding that petitioner is unavailable for full time employment and consequently ineligible for unemployment benefits under D.C.Code 1973, § 46–309(d) [now D.C.Code 1981, § 46–110(4)]. We address the issue whether the decision of the Acting Director is supported by substantial evidence.

It is uncontradicted that petitioner resigned her position as a clerk-typist at the General Services Administration to attend classes at the University of the District of Columbia. She took thirteen credit hours of classes in the fall 1981 semester and at the time of the hearing was taking nine credit hours in the spring 1982 semester. Both semesters she was registered for classes Monday through Friday during daytime hours. Appellant argues that although her work schedule would have to accommodate her school schedule, she could work eight hours a day.

To be eligible for unemployment compensation benefits, one must be "available for work." D.C.Code 1981, § 46–110(4). This means that a claimant must be "genuinely attached to the labor market" and "making adequate contacts for work." *Hawkins v. District Unemployment Compensation Board*, D.C.App., 390 A.2d 973, 975 (1978), *quoting Woodward & Lothrop, Inc. v. District of Columbia Unemployment Compensation Board*, 129 U.S.App.D.C. 155, 157, 392 F.2d 479, 481 (1968); *Johnson v. District Unemployment Compensation Board*, D.C.App., 408 A.2d 79, 82 (1979). A claimant is not "available for work" within the meaning of the statute if he *unreasonably* restricts his job search. *Id.* at 83; *Hawkins v. District Unemployment Compensation Board, supra.* We have previously held

that a claimant who was enrolled as a day student for nine hours of class a week in a university was unavailable for work because he was unable to devote full time to seeking employment. *Wood v. District Unemployment Compensation Board*, D.C. App., 334 A.2d 188 (1975). Concomitantly, petitioner is unavailable for work and thus ineligible for unemployment compensation benefits because her enrollment as a daytime student at a university for nine hours of class a week prevents her from devoting full time to seeking work.

Moreover, petitioner has placed an unreasonable restriction on her job search by only seeking a job which would allow her to conform her work schedule to her class schedule. With such a restriction, petitioner cannot be considered genuinely attached to the labor market. *Cf. Doherty v. District of Columbia Unemployment Compensation Board*, D.C.App., 283 A.2d 206 (1971), *cert. denied*, 406 U.S. 932, 92 S.Ct. 1764, 32 L.Ed.2d 135 (1972) (Petitioner's voluntary departure from a metropolitan center where job openings are recurrent to attend classes as a special student four days a week in varying morning and afternoon hours in a small university town was a relevant factor to consider in determining that petitioner was not making a real and serious effort to regain employment). Accordingly, we conclude that the decision of the Acting Director affirming the findings and conclusions of the Appeals Examiner is supported by substantial evidence in the record of proceedings before the court. D.C.Code 1981, § 1–1510(a)(3)(E).

*Affirmed.*