Gerald E. DUNN, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 82–1015.

District of Columbia Court of Appeals.

Submitted May 25, 1983.

Decided May 27, 1983.*

Before FERREN and TERRY, Associate
Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

Petitioner, who was formerly employed
as the Research Director of the Liberty
Lobby, contests a final decision of the De-
partment of Employment Services Office of
Appeals and Review (the Department) de-
nying him unemployment compensation
benefits for certain weeks under D.C.Code
§ 46–110(1) and (4) (1981). The Depart-
ment found petitioner ineligible for benefits
from November 29, 1981 through March 27,
1982 based on his failure to comply with the
reporting requirements of the Unemploy-
ment Compensation Act, and from March
22, 1982 indefinitely because petitioner, as a
part time student, was unavailable for full
time employment. We find that substan-
tial evidence supports the Department's de-
cision and thus affirm.

I.

After separating from his employer in
October 1981, petitioner filed his original
claim for unemployment benefits on Octo-
ber 8, 1981. He received compensation for
the period of October 8, 1981, through No-
vember 28, 1981. Petitioner testified that
several weeks after he filed the first two
continued claim cards, which had arrived
individually and at appropriate intervals, he
received a batch of cards in the mail from
respondent for the period through Novem-

---

* The decision in this case was originally released
as a Memorandum Opinion and Judgment on
May 27, 1983. It is now being published by
direction of the court.

ber 28. He mailed the cards back immediately and received compensation.

Petitioner did not receive any more cards until February 9, 1982, when a batch of ten cards arrived in the mail. Petitioner filed the cards the next day. Later that month, the respondent returned to him the last batch of cards with a notice to see the deputy. Petitioner did not see the Claims Deputy until April 2.

The Claims Deputy determined that petitioner was ineligible for benefits for the period November 29, 1981, through March 27, 1982, because he had not filed his cards on time. The Deputy also determined that petitioner was ineligible for benefits from March 28, 1982, on because he was a part time student. When the Appeals Examiner affirmed this decision, petitioner appealed to the Department, arguing that: (1) he was unaware of the necessity of filing his mail claims bi-weekly; (2) he had relied on the respondent's earlier acceptance of a batch of cards in assuming that the respondent would continue to compensate him regardless of how much time had elapsed in between card filings, so long as petitioner mailed the cards back as soon as he received them; and (3) his class schedule would not have prevented him from working as a trainee entry level programmer. The Department upheld the Appeals Examiner's decision and this appeal followed.

## II.

Because of the limited scope of our review, we will reverse the findings of the Department only if they are "unsupported by substantial evidence in the record of the proceedings before the court." D.C.Code

§ 1–1510(a)(3)(E) (1981). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wallace v. District Unemployment Compensation Board,* 294 A.2d 177, 179 (D.C.1972) (quoting *Consolidated Edison Company v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

■ We conclude that the record contains substantial evidence to support the Department's determination of petitioner's ineligibility to receive benefits attributable to his failure to comply with the prescribed reporting procedure[1] of mailing bi-weekly, contained claim-pay order forms.[2] First, page four of the Worker's Information Pamphlet, which petitioner signed a form as having received, states in bold face type: "If you miss your reporting day, report to the Deputy section as soon as possible. Do not wait until your next reporting day." Furthermore, the mail claim instructions (Appendix 1) and the applicable statute and regulations all direct petitioner to make bi-weekly claim filings. Thus, petitioner had notice of this bi-weekly reporting requirement and had specific information about how to report to the agency in the event he was unable to file the cards in a timely manner; and yet he unreasonably delayed any action to bring the problem of the delayed claim cards to the agency's attention.

## III.

■ Substantial evidence also supports the Department's finding that petitioner was unavailable for work within the mean-

---

1. The Unemployment Compensation Act provides that an individual is eligible to receive unemployment benefits only if he or she has complied with all applicable regulations. D.C. Code § 46–110(1) (1981) specifically limits the receipt of benefits to those weeks where a claimant has "made a claim for benefits with respect to such week in accordance with such regulations as the Council of the District of Columbia may prescribe ..." Section 4605.-5(a) of the regulations governing unemployment compensation (28 DCR 4971) contains a

specific admonition that claimant make continued claims and so inform the agency. Collectively, the statute and the regulations establish a "reporting requirement."

2. The bi-weekly mail claim is an alternative means of compliance with the reporting requirement, replacing the prior practice of requiring a bi-weekly personal appearance and signature on a master claim card.

ing of D.C.Code § 46–110(4) (1981).[3]  We have construed this "availability" requirement to mean that a claimant must be engaged in an active, earnest search for work such that he is "genuinely attached to the labor market." *Barber v. District of Columbia Department of Employment Services,* 449 A.2d 332, 333 (D.C.1982).  Further, in considering the "availability" of students under § 46–110(4), we have held that claimants who were enrolled as day students for nine hours a week were unavailable for work because they were unable to devote full time to seeking employment. *Id.* at 334; *Wood v. District Unemployment Compensation Board,* 334 A.2d 188 (D.C. 1975).

Petitioner, by his own admission, commenced classes on January 15, 1982, and attended classes Monday—Thursday mornings on approximately a 9:00 a.m.—12:00 noon schedule plus a late Tuesday afternoon class.  Thus, the record shows that petitioner was attending class for over twelve hours per week, during normal business hours.  The record does not reveal that petitioner ever produced evidence that programmer trainee positions were available during the hours petitioner indicated he was available; nor is there any indication in the record that petitioner would have been able to switch or drop classes in order to accept a job with conventional hours.

*Affirmed.*

---

**3.**  D.C.Code § 46–110 (1981) provides in pertinent part:

An unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found by this Board:

\* \* \* \* \* \*

(4) *That he is available for work* and had registered and inquired for work at the employment office designated by the Board . . . . (emphasis added).