**Ronald ANTHONY, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

**No. 84–66.**

District of Columbia Court of Appeals.

Submitted Oct. 31, 1984.

Decided Dec. 21, 1984.

Ronald Anthony, pro se.

N. Denise Wilson-Taylor, Washington, D.C., was on brief, for respondent.

Before FERREN and BELSON, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Ronald Anthony has petitioned this court to review a decision of the District of Columbia Department of Employment Services (Department) denying him unemployment compensation benefits for an. eleven-week period beginning November 21, 1982, and ending February 5, 1983. In a letter appended to his petition for review,[1] Anthony maintains that the Final Decision in this matter failed to address certain objections he had raised to the Proposed Findings of Fact and Decision of the Appeals Examiner.[2] While there is some support in the record for the Department's determination. that Anthony was ineligible for unemployment benefits during the period in question, we observe that there is no finding as to what advice or instruction Anthony was given concerning the time by which he was to file a report or request seeking benefits for any particular benefit week. Nor has our attention been directed to any statute or regulation which establishes the time. Accordingly, we remand for further consideration.

On April 1, 1983, a Claims Deputy for the Department made an initial determination that Anthony was ineligible for unemployment benefits for the eleven-week period because he failed to "report as directed" under Section 9(a) of the District of Columbia Unemployment Compensation Act.[3] This determination was appealed and, on November 3, 1983, it was affirmed by the Appeals Examiner. In her decision, the Examiner found that Anthony's reasons for his failure to report as directed were that he was ill during the eleven-week period and that the period fell during the Christmas holidays. The Examiner found that these reasons did not relieve Anthony of his responsibilities to follow mail claim procedures.

In a letter to the Department dated December 20, 1983, Anthony made several objections to the findings of the Appeals Examiner.[4] Although in its Final Decision the Department did not specifically address these contentions, it concluded that the Examiner's findings of fact and conclusions of law were "supported by and in accordance with reliable, probative, and substantial evidence...." Accordingly, the Department affirmed the decision of the Appeals Examiner. Anthony's petition for review followed.

We recently construed Section 9(a), and the regulations promulgated thereunder,[5] as establishing a bi-weekly "reporting requirement." *Dunn, supra,* note 5, at 967 & 967 n. 1. Payment of unemployment benefits is predicated upon timely compliance with the prescribed reporting procedures. *Id.* at 967. Where the Department has determined that a claimant

---

1. Anthony did not submit a brief to this court.

2. *See* note 4, *infra.*

3. Section 9(a), codified at D.C.Code § 46–110 (1981), provides:

   An unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found by the Board:
   (1) That he has made a claim for benefits with respect to such week in accordance with such regulations as the Council of the District of Columbia may prescribe....

4. Anthony maintained that the decision did not take into consideration that he was ill for one and one-half weeks of the eleven-week period,

that it gave no explanation of what was meant by "Christmas holidays," and that it failed to find that he "reported to the Merrifield [Virginia] offices on time with the exception when [he] was ill."

5. Section 4605.5(a) of the unemployment compensation regulations (18 DCRR § 4605.5 (1983)) "contains a specific admonition that claimant[s] make continued claims and so inform the agency." *Dunn v. District of Columbia Department of Employment Services,* 467 A.2d 966, 967 n. 1 (D.C.1983).

failed to adhere to the reporting requirements, and consequently denied unemployment compensation, we must affirm if their finding is supported by substantial evidence in the record. *Id.; see Hockaday v. District of Columbia Department of Employment Services,* 443 A.2d 8, 12 (D.C. 1982).[6]

■ The Department's finding in the instant case that Anthony failed to timely submit claim record cards for the eleven-week period is supported by substantial evidence in the record. In the Department's fact-finding report dated February 8, 1983, Anthony is quoted as conceding that he reported late for the weeks ending November 27 through December 18, 1982.[7] And a series of Continued Interstate Claim forms submitted by Anthony reveals that his claims for the weeks ending December 25, 1982, through February 5, 1983, were all filed on February 17, 1983. However, the findings and the record fail to set forth when it is that a claimant must file a claim for any particular benefit week. That being so, we remand this case to the Department with the instruction that it conduct such further proceedings as may be necessary to arrive at findings with respect to the time petitioner was required to file for the benefit weeks in question.

*Remanded.*

---

6. D.C.Code § 1–1510(a)(3) (1981) provides that this court may "hold unlawful and set aside any action or findings and conclusions found to be: ... (E) [u]nsupported by substantial evidence in the record of the proceedings before the Court." We have held that substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dunn, supra,* 467 A.2d at 967 (quoting

*Wallace v. District Unemployment Compensation Board,* 294 A.2d 177, 179 (D.C.1972)).

7. This is supported by two "Continued Interstate Claim" forms which were filed by Anthony on January 26, 1983, and which covered claims for the weeks ending November 27 through December 18, 1982.